UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| BENJAMIN BLEICH, | : | CASE NO. 1:21-cv-01891 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 19] |
| v. | : | |
| | : | |
| CLEVELAND BREWING COMPANY, LLC, | : | |
| | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Benjamin Bleich sued his former employer for violations of the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA").[1] The parties reached a settlement. Now, the parties ask the Court to approve their proposed settlement agreement.[2]

On May 11, 2022, the Court **APPROVED** the settlement agreement during a hearing. This opinion explains the Court's reasoning for approving the settlement.

I.  Background

Plaintiff Benjamin Bleich worked as a server and bartender for Defendant Cleveland Brewing Company, LLC from March 2019 through the filing time of this lawsuit.[3] Defendant is a full-service restaurant.[4]

Plaintiff says that Defendant violated the tip-credit provision of the FLSA and the OMFWSA by giving a portion of collected tips to non-tipped employees and requiring tipped

---

[1] Doc. 1.
[2] Doc. 19.
[3] Doc. 1 at ¶¶ 21–23.
[4] *Id.* at ¶ 22.

Case No. 1:21-cv-01891
GWIN, J.

employees to perform non-tip generating duties.[5] Plaintiff brought this case on behalf of himself and other similarly situated employees.[6]

On February 9, 2022, the parties reached a settlement during a mediation conference before Magistrate Judge Greenberg.[7] On April 13, 2022, the parties filed a joint motion requesting this Court approve their proposed settlement agreement.[8] This Court conducted a hearing on May 11, 2022.

## II. Legal Standard

In the Sixth Circuit, district courts look to several factors when considering a proposed FLSA settlement.[9]

First, courts consider whether the parties are settling a "bona fide dispute."[10] Parties have a bona fide dispute where "some issue of the employer's liability is actually and reasonably in dispute."[11]

Second, courts consider whether the proposed settlement is fair and reasonable. Courts may look to factors including "(1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement."[12]

## III. Discussion

---

[5] *Id.* at ¶¶ 29–34.
[6] *Id.* at ¶ 1.
[7] Doc. 15.
[8] Doc. 19.
[9] *Athan v. U.S. Steel Corp.*, 523 F. Supp. 3d 960, 964-65 (E.D. Mich. Mar. 3, 2021) ("Although the Sixth Circuit has never definitively answered the question of whether court approval is required for FLSA settlement agreements, district courts in our Circuit regularly find that the FLSA context counsels in favor of courts approving settlements.").
[10] *Id.* at 965.
[11] *Id.* (quotation marks omitted).
[12] *Does 1-2 v. Deja Vu Services, Inc.*, 925 F.3d 886, 894-95 (6th Cir. 2019).

Case No. 1:21-cv-01891
GWIN, J.

### A. Bona Fide Dispute

The Court finds that the parties have a bona fide dispute. The parties dispute, *inter alia*, whether Plaintiff and the other eligible settlement participants are entitled to the alleged wage damages, whether tipped employees were required to spend more than 20% of their time on non-tip generating duties, and whether Defendant has a good faith defense.[13]

### B. Fair and Reasonable Settlement

The Court finds that the parties reached a fair and reasonable settlement. Under the proposed agreement, Plaintiff and the other eligible settlement participants will receive a reasonable portion of potential estimated wage damages for the three-year period covered by this suit.[14] The parties have exchanged relevant records including payroll data, time clock data, a daily labor summary, and tip-related records relating to Plaintiff Bleich, the current opt-in Plaintiffs, and each of the eligible settlement participants.[15] The Court does not find a risk of fraud or collusion with this settlement.

### C. Payment to Plaintiff Bleich

The Court finds that the additional payment of $1,500 to Representative Plaintiff Bleich is reasonable for his efforts in this case.

### D. Attorneys' Fees and Costs

The Court also finds that the proposed attorneys' fees are reasonable. "In FLSA collective actions in Ohio, courts have almost uniformly awarded attorney's fees that constituted one-third of the fund."[16] The Court reviewed counsel's declaration and finds the

---

[13] *See* Doc. 19 at 12–13.
[14] *Id.* at 6; Doc. 19-4 at ¶ 38.
[15] Doc. 19-4 at ¶ 18.
[16] *Carr v. Bob Evans Farms, Inc.*, No. 1:17-CV-1875, 2018 WL 7508650, at *4 (N.D. Ohio July 27, 2018) (citing cases upholding an attorneys' fee award constituting one-third of the settlement amount).

- 3 -

Case No. 1:21-cv-01891
GWIN, J.

fees award to be reasonable given the work done on the case.

### E. Notice and Consent for Eligible Settlement Participants

The Court finds the proposed notice and opt-in procedure for eligible settlement participants reasonable. Notice and consent forms will be distributed to eligible settlement participants.[17] Any potential settlement participant wishing to be bound by the terms of this agreement will then need to sign and return the consent and release form, which will be filed with the Court.[18] The parties may proceed with notice and opt-in as described in the settlement agreement.

## IV. Conclusion

For the foregoing reasons, the Court **APPROVES** the proposed settlement agreement. This Court retains jurisdiction to enforce the terms of this agreement.[19]

IT IS SO ORDERED.

Dated: May 16, 2022                                         *s/      James S. Gwin*
                                                            JAMES S. GWIN
                                                            UNITED STATES DISTRICT JUDGE

---

[17] Doc. 19-1 at ¶ 36.
[18] *Id.* at ¶¶ 37–38.
[19] *See RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 643 (6th Cir. 2001).